IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIAM WALLACE,

    Petitioner,

vs.                                         Case No. 4:09cv160-MP/WCS

WALTER A. McNEIL,

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

Petitioner Wallace, proceeding pro se, filed a "Petition for Writ of Habeas Corpus Nunc Pro Tunc." Doc. 1. Petitioner references 28 U.S.C. § 2254, and as a prisoner in state custody pursuant to the judgment of a state court, any petition for relief would properly proceed under § 2254.

Petitioner previously filed a § 2254 petition, however, which was summarily dismissed as untimely. 4:08cv365-SPM/WCS, docs. 9, 11, and 12 (report and recommendation as adopted by the court and judgment entered on the docket on November 26, 2008). Rehearing was denied by order entered on December 9, 2008. Doc. 14. Petitioner did not appeal.

Petitioner here "acknowledges the dismissal, and its untimeliness, and re-files his 2254 Petition . . . for want of constitutional violations, and miscarriage of justice, that is hindering the Petitioner from gaining relief from the current life sentence that the Petitioner is serving."  Doc. 1, p. 1.  Attached to the current petition is a copy of the report and recommendation and § 2254 petition filed in the closed case.

Petitioner makes no new claims or any claims at all, except to the extent the prior petition is incorporated by reference.  He does not assert any reason this petition is not, like the one filed earlier, untimely.  Moreover, the dismissal of a § 2254 petition as time barred "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under [28 U.S.C.] § 2244(b)." Murray v. Greiner, 394 F.3d 78, 81 (2d Cir.2005).  *See also* Jordan v. Sec'y Dep't of Corr., 485 F.3d 1351, 1353 (11th Cir.), *cert. denied*, __ U.S. __, 128 S.Ct. 450, 169 L.Ed.2d 315 (2007) (petitioner obtained authorization for filing second or successive petition where first § 2254 was dismissed with prejudice as untimely).  While the dismissal did not specify that it was with or without prejudice, it is apparent from the analysis there was no defect Petitioner could cure to render his petition timely.  *See also* Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (prior untimely petition "counts" to render subsequent petition successive: "a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims."); Pavlovsky v. VanNatta, 431 F.3d 1063, 1064-65 (7th Cir. 2005) (dismissal of prior petition as untimely was with prejudice but, as district court expressly said its dismissal was without prejudice, subsequent petition would not be deemed second or successive).

Petitioner must obtain authorization from the Eleventh Circuit before filing a second or successive § 2254 petition.  § 2244(b)(3)(A); § 2254 Rule 9 ("[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").[1]  He has not done so, and this court lacks jurisdiction.  Hubbard v. Campbell, 379 F.3d 1245, 1247 (11th Cir.), cert. denied, 542 U.S. 958 (2004).

It is therefore respectfully **RECOMMENDED** that the § 2254 petition be **SUMMARILY DISMISSED** for lack of jurisdiction, as authorization for filing a second or successive petition has not been granted.

**IN CHAMBERS** at Tallahassee, Florida, on May 7, 2009.


        **s/    William C. Sherrill, Jr.**
        **WILLIAM C. SHERRILL, JR.**
        **UNITED STATES MAGISTRATE JUDGE**

---

[1] Aside from the authorization requirement, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed," and a claim "that was *not* presented in a prior application shall be dismissed *unless*" it falls within one of two exceptions.  § 2244(b)(1) and (2) (emphasis added); Jordan, 485 F.3d at 1357 (discussing the requirement; noting that even if the court of appeals grants authorization for filing, "the district court not only can, but must, determine for itself whether those requirements are met.").  Petitioner makes no attempt to raise any claim not already presented.

Case No. 4:09cv160-MP/WCS

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**